THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>AMADO PEDRO CASTILLO,<br><br>                Defendant. | CASE NO. CR21-0174-JCC-4<br><br>ORDER |

This matter comes before the Court on Defendant's motion for transportation expenses (Dkt. No. 803). The Court, having thoroughly considered the record and briefing, hereby GRANTS the motion for the reasons described below.

When a defendant is released on appearance bond and his subsequent appearance is a condition of the release, the Court—upon finding that the defendant is financially unable to appear and that the interests of justice will be served—may authorize the United States Marshals to arrange for a defendant's "means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required." 18 U.S.C. § 4285. This includes "subsistence expenses to his destination." *Id.*

Defendant resides in New York, (*see* Dkt. No. 785 at 2), and is to appear for his sentencing hearing in Seattle on December 10, 2024. (*See* Dkt. No. 802.) The Court previously found Defendant indigent and appointed counsel. (*See* Dkt. No. 24-5.) Based on the Court's prior

finding, and being advised of no changes to Defendant's financial condition,[1] the Court now FINDS that Defendant is financially unable to appear as directed and that the interests of justice would be served by the provision of transportation by the Government.

Accordingly, the motion for transportation expenses is GRANTED. The Court ORDERS the United States Marshals to arrange and pay for Defendant's non-custodial, one-way transportation from New York to Seattle in order to attend the December 10, 2024, sentencing hearing. Subsistence while en route may not exceed the amount authorized as a *per diem* allowance for travel under 5 U.S.C. § 5702(a).

DATED this 19th day of November 2024.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Defense counsel represents this remains true today. (*See* Dkt. No. 803 at 1).